AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
NOV 3 2015
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DeAngelo Oneal Tate | ) | Case No. |
| | ) | |
| | ) | H15-1499M |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __01/13/2015 and 03/16/2015__ in the county of __Nueces__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1591 | Sex trafficking of children or by force, fraud or coercion |

This criminal complaint is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.

*Complainant's signature*

Ryan J. Shultz, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/3/15

*Judge's signature*

City and state: Houston, Texas

John R. Froeschner, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF RYAN J. SHULTZ
# IN SUPPORT OF A CRIMINAL COMPLAINT

I, Ryan J. Shultz, a Special Agent with the Federal Bureau of Investigation (hereinafter Affiant), being duly sworn, hereby depose and state as follows:

I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for approximately seven years. I am currently assigned to the Houston Division of the FBI, and have been assigned to the Violent Crimes Against Children Unit for approximately three years. Prior to my current assignment, I was assigned to the FBI Springfield Division Counterintelligence Unit for approximately four years. As part of my duties, I investigate criminal violations relating to sex trafficking of children and sex trafficking by force, fraud, and coercion; sexual exploitation of children; and transportation of minors for sexual activity; in violation of 18 U.S.C. §§ 1591, 2251, 2422, and 2423. I have received training in the investigation of sex trafficking, and have participated in numerous interviews and debriefings of persons involved in sex trafficking. I have gained expertise in the conduct of such investigations through formal training, on-the-job training, and approximately seven years as a federal investigator.

2. The information contained in this affidavit was derived from personal investigative knowledge, information related to me by other law enforcement personnel, victim and witness interviews, and information obtained from official records and files. This affidavit is intended to show that there is sufficient probable cause for the requested criminal complaint and arrest warrant. This affidavit does not purport to set forth all my knowledge of, or investigation into, this matter.

3. The instant investigation, described more fully below, has revealed that between on or about January 13, 2015 and March 16, 2015, within the Southern District of Texas, DEANGELO ONEAL TATE (hereinafter "TATE"), in or affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained and maintained by any means, "Jane Doe 1" knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, and any combination of such means would be used to cause Jane Doe 1 to engage in a commercial sex act, and knowing and in reckless disregard of the fact that Jane Doe 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act, in

1

violation of Title 18, United States Code, § 1591(a)(1) and (b)(1) & (2). Probable cause exists based on the facts and circumstances of the investigation in the paragraphs that follow.

II. PROBABLE CAUSE

1. On or about March 16, 2015 at approximately 3:09 am, Corpus Christi Police Department officers (hereinafter "CCPD") received a 911 call from the Red Roof Inn on South Padre Island Drive, Corpus Christi, Texas, which is in the Southern District of Texas. The caller, seventeen year old Jane Doe 1, stated that she was hiding in the bathroom of room 232 because "he" beat her up and would not let her leave the hotel. Jane Doe 1 further stated that "he" was a black male in hotel room 233, and she asked the operator several times not to identify her to anyone as the caller. Before ending the call, Jane Doe 1 begged for someone to please come.

2. CCPD responded to the Red Roof Inn and knocked on the door to room 233, but no one answered the door. CCPD spoke to the front desk clerk and learned that rooms 232 and 233 were registered to TATE. CCPD was able to confirm through Red Roof Inn invoices that TATE paid for rooms 232 and 233 with a check-in date of March 15, 2015 and a check-out date of March 16, 2015. TATE provided his home address and the email address "macc.miser@icloud.com" on his signed invoice. The officers returned to room 233 and encountered two black males, including TATE. TATE confirmed that two females were in room 232, but stated he had just met them at the hotel.

3. CCPD knocked on the door to room 232 several times. The officers announced themselves, but received no answer. Out of concern for the safety of any potential occupants, officers kicked in the door. The two females inside the room, Jane Doe 1 and adult Jane Doe 2, were immediately handcuffed for officer safety.

4. CCPD noticed that Jane Doe 1 had visible injuries all over her body. She was later taken to Driscoll Children's Hospital for a physical examination that revealed multiple injuries, including an abrasion to her chest and lower back; bruising to her left hand, right thigh, left thigh, and left eye; an ulceration to the inside of her lower lip; two missing bottom teeth; swelling to her neck; and a burn to her right hand. Jane Doe 1 had also sustained genital trauma.

5. CCPD spoke to Jane Doe 1 at the Red Roof Inn and determined that she was the 911 caller. Jane Doe 1 stated that she was being held at the hotel against her will by Jane Doe 2 and TATE, and that DEANGELO TATE is the individual who beat her up. Jane Doe 1 referred to TATE as her pimp and stated that he burned her with a cigarette lighter and knocked out two

2

of her teeth. Jane Doe 1 stated that she has been with TATE since they met on or about January 13, 2015, and that he uses her like a prostitute. Jane Doe 1 stated that TATE is in control of everything and he collects all the money she makes from having sex with men. She stated that TATE "beats her up for anything if [she] don't do what he or [Jane Doe 2] says", and that she is very fearful of him.

6. CCPD arrested TATE and Jane Doe 2 on scene for the assault and unlawful detention of Jane Doe 1, respectively. While seated in the back of the police car, TATE stated to Jane Doe 2 that he "don't give a damn because [Jane Doe 1] not even credibility; she 17." Jane Doe 2 immediately looked at TATE in surprise and TATE stated again that Jane Doe 1's statement is not credible because she is only 17. This conversation was recorded on video and audio surveillance within the car. TATE also stated that he had $1,200.00.

7. Jane Doe 1 was later interviewed at a child advocacy center and stated that TATE had been her pimp for approximately two months. She stated that TATE beat her regularly and made her call him "Daddy." Jane Doe 1 stated TATE had booked hotel rooms for her and Jane Doe 2 on prior occasions at the Red Roof Inn, and that he also rented rooms at the Extended Stay America motel located at 6218 South Staples Street, Corpus Christi, Texas. As part of their investigation, CCPD went to the Corpus Christi Extended Stay motel and learned through hotel invoice records that Tate rented two rooms on March 13-14, 2015. CCPD also reviewed video surveillance of the registration area that captured TATE checking into the hotel.

8. Jane Doe 1 stated that she and Jane Doe 2 usually worked out of hotels in Corpus Christi, a city located in the Southern District of Texas, and that TATE sometimes made several thousands of dollars on busy weekends. Jane Doe 1 stated the pricing was $80.00 for "a quick in and out," $140.00 for a half an hour, and $200.00 for a full hour. Jane Doe 1 stated that during these timed sessions, she had engaged in vaginal intercourse and oral sex with "johns." Jane Doe 1 re-stated that TATE collected all the money that Jane Doe 1 made for each encounter.

9. Jane Doe 1 stated that she did not open the hotel room door when the police announced themselves because she was afraid. TATE told both females not to open the door for anyone. TATE also told Jane Doe 2 to keep Jane Doe 1 in the room "whatever it takes." TATE had previously told Jane Doe 1 that she was "a money-making hoe" that "ain't going nowhere."

10. Jane Doe 1 stated that TATE continued to prostitute her after she told him that she was seventeen years old. TATE instructed her to ask more specific questions to johns while on

the phone during the initial screening. When the johns arrived, TATE told her to "ask them twice if they police, then tell them to touch you somewhere a cop won't before any money talk."

11. Jane Doe 1 stated that TATE saw some sexy photos she had taken of herself on her phone. Jane Doe 1 stated TATE took the photos and used them to create online escort advertisements on the website "www.backpage.com."

12. CCPD subpoenaed records from Backpage and discovered that on or about March 16, 2015 at approximately 2:01 am (approximately one hour before Jane Doe 1 called 911), an advertisement was posted to Backpage.com entitled "big juicy b0oty only in town for a few days you soon – 22." The ad was located in the "Adult Entertainment: Escorts Section" and featured several pictures of Jane Doe 2 under her working name. A second ad was posted two minutes later, at approximately 2:03 am, entitled "5star classy read to rock your world – 19." This ad was also in the Escorts Section and contained several pictures of Jane Doe 1 under her working name.

13. Both ads described above were posted from Internet Protocol (hereinafter "IP") address 67.79.239.220. After identifying Time Warner Cable as the relevant provider associated with this IP address, CCPD sent them a subpoena for the subscriber information. Time Warner's response identified Red Roof Inn as the subscriber for 2:01 am and 2:03 am on March 16, 2015. These times are within TATE's rental of rooms 232 and 233.

14. Both ads described above were posted by the same Backpage account user with the username and email address of "macc.miser@icloud.com." Furthermore, the ad featuring pictures of Jane Doe 1 had also been posted to Backpage on January 19, and February 9, 11, 12, and 24, 2015, from the same macc.miser@icloud.com user. CCPD subpoenaed Apple, Inc. for subscriber information relating to email address macc.miser@icloud.com. The response identified the user as "Deangelo Tate, 3530 Green Crest Drive, #712, Houston, Texas." This is the same street address TATE provided with his macc.miser@icloud.com email address to the Red Roof Inn during check-in. The email account remained active since its creation on December 28, 2014 through the date of the subpoena response on March 25, 2015.

15. Based upon the information delineated above, I believe that probable cause exists for the issuant of a Criminal Complaint charging DEANGELO ONEAL TATE with a violation of 18 U.S.C. § 1591(a)(1) and (b)(1) & (2).

Ryan J. Shultz
Special Agent, FBI

Subscribed and sworn before me this \_\_\_3t\_\_\_ day of \_\_\_November\_\_\_ 2015, and I find probable cause.

John R. Froeschner
United States Magistrate Judge

5